

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable P. L. Marquess
County Auditor
Wharton County
Wharton, Texas

Dear Mr. Marquess:                    Opinion No. O-7289

Re: Whether or not the Board of
Trustees of an independent school
district may retain professional
expert witnesses to aid in deter-
mining values of property within
the school district, and make pay-
ment for such out of the funds of
the school district, and other in-
cidental questions.

We have your telegraphic request for an opinion upon
the above subject-matter, as follows:

"Please give me your opinion at earliest con-
venience on following questions concerning Board
of Trustees in Independent School District:

"1. May the Board of Trustees as an official
body sit as a Board of Equalization, or is it man-
datory to select or appoint an independent group
of men to serve as such?

"2. May the Board of Trustees retain profes-
sional men to serve as expert witnesses and to aid
in determining values of property within the school
district and make payment for such services out of
funds of the school district?

"3. May the Board of Trustees or a chosen
Board of Equalization maintain a joint hearing
with the Boards of Equalization of a city within
its limits for valuation purposes?

"Perhaps your opinion lists contain parallel
ones to these questions, and if so, would appreciate
your earliest accommodation on the matters."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable P. L. Marquess - page 2

We answer your questions categorically, as follows:

1. Question 1 is answered in the negative in our Opinion No. O-3734, copy of which is enclosed herewith.

2. Trustees of independent school districts are public officers, and have only those powers conferred upon them by law. It is not necessary, however, that the conferring of power be express -- in precise words -- but there is always to be implied, in connection with an express power, the further power to do those things necessary to the proper exercise of the primary power. There is no express power authorizing the trustees of an independent school district to employ expert witnesses in the matter of equalizing taxes. We think, however, that power is conferred by necessary implication, if in the sound official judgment of the board of trustees, such employment of expert witnesses is necessary to a proper discharge of their duties to have a proper and suitable equalization of properties taxed in the district.

Subdivision 2. of Article 2827 Revised Civil Statutes, Vernon's codification, declares:

"Local school funds from district taxes, tuition fees of pupils not entitled to free tuition, and other local sources may be used for the purposes enumerated for state and county funds, and for purchasing appliances and supplies, for the payment of insurance premiums, janitors and other employees, for buying school sites, buying, building and repairing and renting school houses, and for other purposes necessary in the conduct of the public schools to be determined by the board of trustees. * * *" (Emphasis ours)

We think this language is rightly to be construed to authorize the employing of all necessary means at hand to obtain a just and reasonable valuation of taxable property in the district.

This department has held that the constitutional authority vested in the Commissioners' Court over all county business constitutes sufficient basis for the employment by the Commissioners of such a tax expert as a witness before the equalization body. (See Opinion No. O-1612). Court decisions, by the clearest analogy, support this conclusion. Arrington v. Jones, 191 S. W. 361, upheld the right of an independent school district to employ an attorney to bring suit to cancel a teacher's contract. See, also, Moseley v. City of Dallas, 17 S. W. (2) 36.

Honorable P. I. Marquess - page 3

Your question 2, therefore, is answered in the affirmative.

3. The Board of Equalization for the District, if it sees fit to do so, may sit jointly with another board of equalization as of a city within its limits, to determine property values. The board as such, however, must reach its own conclusion upon the hearing from all the evidence before them, such joint hearings being merely a matter of convenience to the respective boards. See our Opinion No. O-3175, copy of which accompanies this opinion.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
ASSISTANT

APPROVED JUL 22, 1946

FIRST ASSISTANT
ATTORNEY GENERAL

OS-MR

Enclosures



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN